UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL L. MERIDETH, JR. d/b/a PAUL L. MERIDETH PHOTOGRAPHY,<br><br>    Plaintiff,<br><br>    v.<br><br>CHICAGO TRIBUNE COMPANY, LLC, a Delaware limited liability company, and TRIBUNE INTERACTIVE, LLC, a Delaware limited liability company, collectively d/b/a CHICAGOTRIBUNE.COM; and DOE I through DOE III,<br><br>    Defendants. | No. 12 C 7961<br>Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Paul L. Meredith Jr. d/b/a Paul Meredith Photography has brought this action for copyright infringement and violation of the Digital Millennial Copyright Act ("DMCA"), 17 U.S.C.A. § 1202, against Defendant, the Chicago Tribune Company, LLC and Tribune Interactive, LLC. Currently before the Court is Defendant's motion to dismiss Count II of the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendant's motion is denied in part and granted in part without prejudice.

**BACKGROUND**

The complaint contains three counts, all of which involve Defendant's allegedly unauthorized use of photographs depicting the seminal Chicago author Studs Terkel that were taken by Plaintiff in 1992. Count II, the subject of Defendant's motion to dismiss, is brought pursuant to the DMCA.

1

It is undisputed that Plaintiff is the copyright holder of the photographs. In June 1995, Plaintiff made certain Terkel photographs (those at issue here) available for limited use by The New Press. According to the complaint, sometime in 2004 Plaintiff became aware that The New Press had distributed the photographs to various media outlets without Plaintiff's permission. Plaintiff filed a complaint against The New Press a year later, and the lawsuit reached a settlement a year after that. As part of the settlement, The New Press sent notice to various media outlets, including Defendant, "explaining that the [photographs] were owned by [Plaintiff] and that any further use could only be made of the [photographs] with [Plaintiff's] prior permission."

In or around May 2012, Plaintiff discovered that Defendant had used at least one of the photographs in a video montage paying tribute to Mr. Terkel that was published online. According to the complaint, captions accompanying the photograph attributed ownership of the photograph to Defendant. Plaintiff was not credited.

The DMCA protects the integrity of copyright management information ("CMI"). The statute defines CMI as "any of the following information conveyed in connection with copies…of a work," and then lists several categories of such information, including the title and "other information identifying the work," the author's name, and the copyright owner's name. *See* § 1202(c)(1)-(7).

Sections 1202(a) and 1202(b) of the statute prohibit the following:

(a) **False copyright management information.**--No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement--
   (1) provide copyright management information that is false, or
   (2) distribute or import for distribution copyright management information that is false.
(b) **Removal or alteration of copyright management information.**--No person shall, without the authority of the copyright owner or the law--
   (1) intentionally remove or alter any copyright management information,

2

    (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or

    (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

Plaintiff asserts in Count II of the complaint that Defendant is liable under both § 1202(a) and § 1202(b). Defendant moves to dismiss Count II for failure to state a claim. Defendant asserts that the captions accompanying Defendant's publication of the photograph did not constitute CMI, such that there can be no liability under § 1202(a), and that Plaintiff has not adequately pled Defendant's knowledge and intent as required by both § 1202(a) and § 1202(b).

### DISCUSSION

When considering a motion to dismiss for failure to state claim, the court treats all well-pled allegations as true, and draws all reasonable inferences in plaintiff's favor. *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir.2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must be enough to raise a right to relief above the speculative level, that is, the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. *Id.*

In other words, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

Knowledge or intent on the part of the defendant is required for liability under both § 1202(a) and § 1202(b). To be "facially plausible," and thus survive Defendant's 12(b)(6) motion to dismiss, Count II of Plaintiff's complaint must therefore plead sufficient factual content to permit the court to draw a reasonable inference that Defendant: (1) knowingly, and with intent to enable infringement, provided or distributed CMI that was false; (2) intentionally removed or altered CMI without the authority of the copyright owner; or (3) distributed CMI or works knowing that the CMI had been improperly removed or altered. *See* §§ 1202(a) and (b).

I am satisfied that the complaint alleges facts sufficient to permit a reasonable inference that Defendant is liable under § 1202(a). The photograph at issue appeared as part of a video montage that was published online. Next to the video stream appeared a caption identifying the photographs as "Chicago Tribune photos." At the end of the video montage, a final frame includes a caption that identifies the photographs as "[f]ile photos from the Chicago Tribune," followed by the notation "Chicago Tribune © 2012."

Plaintiff has adequately alleged that he is the copyright holder of the photograph in question. From this, it is reasonable to infer that Defendant knew that the Chicago Tribune was *not* the copyright holder of the photograph (Defendant has not, in any event, argued that it believed otherwise). Taken as true, this allegation suggests that the CMI (such as it was) attending Defendant's publication of the photograph and arguably attributing ownership to Defendant was false and Defendant knew it.

Defendant argues that the allegedly false CMI to which Plaintiff points does not, in fact, constitute CMI as to the relevant photograph. The notation "Chicago Tribune © 2012," Defendant contends, "plainly" refers to the video as a whole. Defendant also contends that the

4

caption, "file photos from the Chicago Tribune," simply does not qualify as CMI.

Defendant may well ultimately prevail on this point, but in my view, it is not an appropriate basis on which to grant dismissal. All three of the captions connote some claim of ownership to the photographs within the video. All three could plausibly be said to constitute "identifying information about" copyright ownership "conveyed in connection with" a work. *See* § 1202(c)(1)-(3). Whether this language is sufficient to be considered CMI in specific reference to the Terkel photographs is a matter of degree, not kind. At this stage of the proceedings, the complaint's allegations are sufficient as to Defendant's potential liability under § 1202(a).

In my view, the same cannot be said with respect to the complaint's allegations as to § 1202(b). For Defendant to be held liable under § 1202(b), one of two things must have happened: (1) The photographs came into Defendant's possession with CMI attached, and Defendant intentionally and improperly removed it, or (2) the photographs came into Defendant's possession without CMI attached, but Defendant knew that CMI had been improperly removed, and Defendant used the photographs anyway. In order to survive Defendant's 12(b)(6) motion, then, the complaint must contain sufficient factual content to allow a reasonable inference that either of the above happened. It does not.

Plaintiff alleges that he is the copyright holder of the photographs in question, and that Defendant is not. Plaintiff alleges that Defendant published at least one of the photographs without Plaintiff's permission. But as to the presence, *vel non*, of CMI when the photographs came into Defendant's possession, as to Defendant having intentionally and improperly removed any CMI that was attached, and as to Defendant's knowledge of any CMI that was improperly

5

removed, Plaintiff alleges very little. Plaintiff points only[1] to a notice that was allegedly sent to Defendant by The New Press in March 2006.

The notice itself is not attached to the complaint, and Plaintiff alleges that the notice stated only that the photographs in question and their copyrights were owned by Plaintiff, and that any further use of the photographs must come with Plaintiff's permission. This adequately alleges that Plaintiff owned the photographs and that Defendant knowingly used them without permission. But it does not adequately allege liability under § 1202(b), which creates a cause of action, not for copyright infringement, but distinctly to protect the "integrity of copyright management information ['CMI']." *See* § 1202. It does not adequately allege that the photographs came into Defendant's possession with CMI attached.[2] To the extent it is alleged that CMI was not attached, there is no adequate allegation that Defendant knew it had been improperly removed.

To the extent Plaintiff argues that adequately pleading Defendant's knowledge is unnecessary, he appears to have misapprehended the statutory requirements for liability under § 1202(b). Plaintiff's principal error is in asserting that the "having reasonable grounds to know" alternative stated in § 1202(b)(3) is applicable to § 1202(b) in its entirety. Clearly it is not.

Liability under § 1202(b)(3) requires that a defendant distribute works "knowing" that CMI has been improperly removed. It then adds an additional requirement that the defendant know, "or, with respect to civil remedies under § 1203, have reasonable grounds to know" that

---

[1] The complaint also contains several wholly conclusory allegations as to Defendant's "knowledge," but these are insufficient on their face. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

[2] If there were such an allegation, the fact that at least one of the photographs was later published by Defendant without Plaintiff's CMI attached would certainly give rise to a reasonable inference that Defendant improperly removed it. In so far as The New Press was the implicit source for the photographs, however, Plaintiff appears to have already asserted, in his earlier lawsuit against it, that The New Press improperly distributed the photographs without including Plaintiff's CMI with them. *See Defendant's Memorandum in Support of Dismissal*, p. 7.

6

the distribution will induce an infringement of any right under the statute. *See* § 1202(b)(3). But even if merely having reasonable grounds to know (rather than having actual knowledge) that the distribution will induce an infringement will suffice, there still clearly exists the threshold requirement of "knowledge" that CMI had been improperly removed. Knowledge or intent is also clearly required for liability under § 1202(a), § 1202(b)(1) and § 1202(b)(2).

The complaint need not contain detailed factual allegations, but it must raise the right to relief beyond the speculative level. Something other than speculation must support an allegation that Defendant obtained the photographs with CMI attached (permitting an inference that Defendant then improperly removed it). Alternatively, something other than speculation must support an allegation that Defendant knew that CMI had been improperly removed from the photographs and Defendant used them anyway. Did the notice from The New Press, for example, inform Defendant as much?

Because the complaint as pled is insufficient, Defendant's motion to dismiss is granted as to § 1202(b). I grant the motion without prejudice however, and Plaintiff may file a second amended complaint to attempt to cure the deficiencies I have identified, taking into account the statutory requirements for stating a plausible claim for relief under § 1202(b) as discussed above.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied in part and granted in part without prejudice. Plaintiff has leave to file a second amended complaint on or before February 7, 2014. This matter is set for further status on 2/27/14 at 9:15 a.m.

ENTER:

*[signature: James B. Zagel]*

James B. Zagel
United States District Judge

DATE: January 9, 2014